UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SECURA INSURANCE COMPANY, A MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| VIGILANCE SECURITY GROUP L.L.C., and RACHEL DEAN, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, SECURA INSURANCE COMPANY ("SECURA"), A Mutual Company, by undersigned counsel, for its Complaint for Declaratory Judgment against Defendants, VIGILANCE SECURITY GROUP L.L.C. ("VIGILANCE"); and RACHEL DEAN ("DEAN"), states as follows:

**Nature of the Case**

1. This is an action for declaratory judgment under 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between and among the parties. This declaratory judgment is sought because SECURA contends that no potential coverage, duty to defend or duty to indemnify is owed to Defendant VIGILANCE in connection with an underlying complaint and lawsuit filed by DEAN in the Superior Court of Marion County, Indiana, Cause No. 49C01-2408-CT-036038 in the Marion County Superior Court (hereinafter referred to as "the Underlying Lawsuit"). Plaintiff, SECURA, prays for a declaratory judgment seeking relief as outlined herein.

1

## Parties

2. Plaintiff, SECURA, is an insurance company organized under the laws of Wisconsin and with its principal place of business in Appleton, Wisconsin. Mutual insurance companies are treated as corporations under Wisconsin law. See W.S.A. §§ 611.01, 611.12. Thus, SECURA is a citizen of Wisconsin.

3. Defendant, VIGILANCE, is a limited liability company based in New Albany, Floyd County, Indiana, and doing business in Marion County, Indiana. Thus, VIGILANCE is a citizen of Indiana.

4. Defendant, RACHEL DEAN, is the Underlying Plaintiff in the Underlying Lawsuit and is thus named herein as a nominal but potentially interested, and thus necessary, party only. Defendant DEAN is a natural person and citizen of Indiana.

## Jurisdiction

5. Under 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this case because SECURA is a citizen of a state different from VIGILANCE and DEAN, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Venue

6. Under 28 U.S.C. § 1391(b)(3), venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this judicial district.

## Factual Allegations

7. Defendants DEAN's Underlying Lawsuit alleges that she was an employee working at a Waffle House restaurant location at 2621 S. Lynhurst Drive, Indianapolis, IN 46241, on February 18, 2024, when she was allegedly injured when she was struck in her left leg by a bullet. The Underlying Complaint and Underlying Lawsuit allege that VIGILANCE was

negligent in providing security to the Waffle House restaurant while it was open to customers and serving customers, leading to the alleged shooting and injury claimed by DEAN. A copy of DEAN's Underlying Complaint is attached in ECF No. 1-1.

8. Specifically, the Underlying Lawsuit alleges that VIGILANCE was careless and negligent in one or more of the following ways:

   a. Failing to provide security by walking away from Waffle House during the time in which security was supposed to be provided;

   b. Failing to properly secure Waffle House from violent criminal activity;

   c. Failing to properly monitor the behavior of Waffle House patrons and prevent the violent altercation and shooting;

   d. Failing to intervene and/or stop the violent altercation and shooting at Waffle House;

   e. Failing to provide and maintain adequate security guard personnel on the premises;

   f. Failing to take reasonable steps for the safety of persons lawfully on the Waffle House premises, such as Plaintiff, Rachel Dean; and

   g. Failing to use reasonable care in providing security services at Waffle House.

*Id*.

## Provisions of SECURA Policies

9. SECURA issued Commercial Protection policy number 20-CP-003335417-3 ("General Liability Policy") to Vigilance Security Group LLC, 1501 Valley View Road, New Albany, IN, with effective dates of January 1, 2024 to January 1, 2025. A copy of the SECURA General Liability Policy is attached in ECF No. 1-2.

10. SECURA also issued Commercial Umbrella Policy number 20-CU-003335418-3 (the "Umbrella Policy") to Vigilance Security Group LLC with effective dates of January 1, 2024, to January 1, 2025. A copy of the SECURA Umbrella Policy is attached in ECF No. 1-3.

11. The CGL coverage form includes the following relevant provisions with respect

3

to who qualifies as an insured:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section **III** . Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments. Coverages **A** and **B**.
    …

*See* Exhibit 1-2.

12. The Policy also includes the Professional Liability Schedule – Detective and Security endorsement, Form SGE 2003 1001, which provides in relevant part as follows:

**PROFESSIONAL LIABILITY SCHEDULE**
**DETECTIVE AND SECURITY**

This endorsement modifies insurance provided under the following:
   COMMERCIAL GENERAL LIABILITY COVERAGE PART
   …

With respect to coverage provided by this Endorsement, the provisions of the Coverage Part apply unless modified by the Endorsement.

**SCHEDULE**

COVERED OPERATIONS

   Detective and Investigator Services, Security Guard, Patrol Services or Other Specified Profession:

LIMITS OF INSURANCE

   $1,000,000         EACH "WRONGFUL ACT"
   $2,000,000         PROFESSIONAL LIABILITY AGGREGATE
   $                  DEDUCTIBLE (None if blank)

    LIMITS ARE:    Included in The General Liability Limits.

(If no entry appears above, information required to complete this Endorsement will be shown in the Schedule of the Declarations as applicable to this Endorsement.)
…

*Id.*

13.    Meanwhile, Endorsement Form SGE 2010 1001 provides the Professional Liability Coverage Form, which includes but is not necessarily limited to the following provisions:

**PROFESSIONAL LIABILITY COVERAGE FORM**

This endorsement modifies insurance provided under the following:
    COMMERCIAL GENERAL LIABILITY COVERAGE PART

With respect to coverage provided by this Endorsement and the applicable PROFESSIONAL LIABILITY SCHEDULE, the provisions of the Coverage Part apply unless modified by the Endorsement. Any professional or counseling services Exclusion within this policy is amended as follows:

**Coverages**

    SECTION I – COVERAGES is amended to add:

    **Professional Liability Coverage**

    **1.**    Insuring Agreement

        **a.**    We will pay those sums that the insured becomes legally obligated to pay as "damages" arising out of a "wrongful act" in the course of performing the professional services described in the applicable PROFESSIONAL LIABILITY SCHEDULE for, or on behalf of, your organization to which this insurance applies.  We have the right and duty to defend any "suit" seeking those "damages".  We may, at our discretion, investigate and settle any "wrongful act", claim or "suit.  But:

            **(1)**    The amount we will pay for "damages" is limited as described under Limits of Liability set forth below; and

            **(2)**    OUR RIGHT AND DUTY TO DEFEND ENDS WHEN WE HAVE USED UP OUR APPLICABLE LIMIT OF INSURANCE IN THE PAYMENT OF JUDGMENTS OR SETTLEMENTS.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Professional Liability Coverage set forth below.

        **b.**    This insurance applies to "damages" only if:

5

      **(1)** The "damages" result from a "wrongful act" that takes place in the "coverage territory"; and

      **(2)** The "wrongful act" occurs during the policy period.

**2. Exclusions**

    **a.** Any Exclusion to "bodily injury", "property damage", or "personal and advertising injury" in the COMMERCIAL GENERAL LIABILITY COVERAGE FORM; except any professional services Exclusion within this policy, shall also apply to "wrongful acts" in the course of performing the professional services described in the PROFESSIONAL LIABILITY SCHEDULE under Covered Professions.

…

…

**Conditions**

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS; 2. Duties In The Event Of Occurrence, Offense, Claim or Suit is deleted and replaced with the following:

**2. Duties in the Event of "Wrongful Act", Claim or Suit**

    **a.** You must see to it that we are notified as soon as practicable of a "wrongful act" which may result in a claim. To the extent possible, notice should include all available information about the circumstances concerning the "wrongful act" including:

      **(1)** How, when and where it took place; and

      **(2)** The names and addresses of any witnesses and persons seeking "damages"; and

      **(3)** The nature and extent of any injury or "damages" arising out of the "wrongful act".

    However, even when you notify us of a "wrongful act", this does not relieve you of your obligation to also notify us of any resulting claim or "suit".

    **b.** If a claim is made or "suit" is brought against any insured, you must:

      **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

      **(2)** Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    **c.** You and any other involved insured must:

      **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      **(2)** Authorize us to obtain records and other information;

      **(3)** Cooperate with us in the investigation, settlement or defense of the claim or "suit";

      **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply; and

      **(5)** In no way jeopardize our rights after a "wrongful act";

    **d.** No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

…

All other terms and conditions of this policy not in conflict with the terms and conditions of this Endorsement shall continue to apply.

*Id.*

    14.    That said, the Policy also includes the Detective And Security Guard Amendatory Endorsement, which includes, but is not necessarily limited to, the following provisions:

**DETECTIVE AND SECURITY GUARD AMENDATORY ENDORSEMENT**

This Endorsement modifies insurance provided under the following:
    COMMERCIAL GENERAL LIABILITY COVERAGE PART

With respect to coverage provided by this Endorsement, the provisions of the Coverage Part apply unless modified by the Endorsement.

SECTION I – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2. Exclusions and COVERAGE C MEDICAL PAYMENTS; 2. Exclusions on the Commercial General Liability Coverage Form are amended to add:

**Detective and Security Guard**

    **(1)** This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical expenses arising out of "your work" when performed for:
    …
    **(c)** Restaurants or taverns when open to the public;
    …

…

SECTION I – COVERAGES; COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2. Exclusions; a. Expected Or Intended Injury is deleted and replaced with the following:

Expected or Intended Injury

This insurance does not apply to "bodily injury" or "property damage" expected or intended from the standpoint of the insured. This includes any intentional "bodily injury" or "property damage" that an insured:

7

> (1) Committed or attempted to commit;
>
> (2) Participated in;
>
> (3) Directed;
>
> (4) Knowingly allowed; or
>
> (5) Failed to take action to prevent recurrence after having knowledge of "bodily injury" or "property damage".
>
> We will defend any insured accused of such conduct until our investigation determines that the accusation is correct.
>
> This Exclusion does not apply to "bodily injury' resulting from the use of physical force to protect persons or property.
>
> All other terms and conditions of this policy not in conflict with the terms and conditions of this Endorsement shall continue to apply.

*Id.*

15. Meanwhile, the Umbrella Policy includes an essentially identical Detective and Security Guard Amendatory Endorsement providing that the Commercial Liability Umbrella Policy's coverage does not apply to "bodily injury" arising out of "your work" when performed for restaurants or taverns when open to the public. *See* Exhibit 1-3.

16. Additionally, the Umbrella Policy contains Endorsement Form CUE 2147 1301 which provisions include, but are not limited to, the following:

> **GENERAL LIABILITY FOLLOW FORM**
>
> This Endorsement modifies insurance provided under the following:
>     COMMERCIAL LIABILITY UMBRELLA COVERAGE PART
>
> With respect to coverage provided by this Endorsement, the provisions of the Coverage Part apply unless modified by this Endorsement.
>
> **A.** The following exclusion is added to SECTION I – COVERAGES; COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY; 2. Exclusions;
>
> Except to the extent that valid and collectible "underlying insurance" for such liability exists for the full limits shown under the Schedule of "underlying insurance"; or would have existed but for the exhaustion of underlying limits for "bodily injury" and "property damage", the following additional provisions apply to this Coverage Part:
>
> This insurance does not apply to "bodily injury" or "property damage" arising out of:

8

      **1.** The ownership, maintenance or use of any premises or operations limited or excluded by any "underlying insurance" or any property located on these premises;

      **2.** Operations arising out of those premises or elsewhere, which are necessary or incidental to the ownership, maintenance or use of those premises or operations limited or excluded by any "underlying insurance";

…

This insurance will follow the provisions, exclusions and limitations of the "underlying insurance" unless otherwise directed by this insurance.

If any other limit, such as a sublimit, is specified in the "underlying insurance", this insurance does not apply to "bodily injury", "property damage" arising out of that exposure unless that limit is specified in the Declarations, under any Other Coverages Section of the Schedule of "underlying insurance".

…

All other terms and conditions of this policy not in conflict with the terms and conditions of this Endorsement shall continue to apply.

## COUNT ONE

## DECLARATORY JUDGMENT UNDER GENERAL LIABILITY COVERAGE OF COMMERCIAL POLICY

1-16.   Plaintiff, SECURA, repeats and realleges the allegations contained in Paragraphs 1 through 16 of this Complaint with the same force and effect as if set forth herein.

17.   The coverage afforded by the SECURA Commercial Policy's General Liability Coverage is subject to the terms, conditions, limitations and exclusions set forth in the Policy.

18.   This includes, but is not necessarily limited to, the exclusion set forth in the Policy's Detective And Security Guard Amendatory Endorsement that provides that "[t]his insurance does not apply to 'bodily injury'… arising out of 'your work' when performed for: (c) Restaurants or taverns when open to the public." ECF 1-2 at p. 217.

19.   The Underlying Complaint seeks to impose liability on VIGILANCE based on allegations that VIGILANCE was negligent and thus liable for DEAN's injury as a result of VIGILANCE's work for the Waffle House restaurant when the restaurant was open to the public.

20.   As such, the exclusion precludes any coverage for the Underlying Complaint and Underlying Lawsuit.

9

21. Additionally, and in the alternative, to the extent that further investigation or information supports that the alleged injury or injuries claimed in the Underlying Lawsuit were expected or intended, as a matter of law, from VIGILANCE's point of view, then the Policy's Expected or Intended Injury Exclusion may also apply to preclude coverage, and SECURA reserves the right to add additional claims relying on this or any other additional exclusion that may be demonstrably applicable based on further information to be developed through discovery in this matter and/or in the Underlying Lawsuit filed by DEAN.

For the reasons set forth above, SECURA INSURANCE COMPANY, A Mutual Company, asks this Court to enter a declaratory judgment for SECURA and against Defendants, declaring that the Commercial Policy's General Liability Coverage and the Commercial Policy in general does not afford any coverage to VIGILANCE with respect to the Underlying Complaint and Underlying Lawsuit filed against VIGILANCE by DEAN, and that SECURA does not owe any duty to defend or duty to indemnify VIGILANCE in connection with the same, and is not obligated to pay, indemnify or reimburse VIGILANCE for any expenses, attorneys' fees, costs, settlements, judgments, or any other costs related to DEAN's lawsuit.

## COUNT TWO

## DECLARATORY JUDGMENT UNDER UMBRELLA POLICY

1-21. Plaintiff, SECURA, repeats and realleges the allegations contained in Paragraphs 1 through 16 of this Complaint with the same force and effect as if set forth herein.

22. The SECURA Umbrella Policy provides that SECURA will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which that insurance applies. See ECF 1-3 at p. 17. It also provides that SECURA will have the right and duty to defend the insured against any "suit" seeking damages

for such "bodily injury" when the "underlying insurance" does not provide coverage or the limits of the "underlying insurance" have been exhausted, but also provides that SECURA will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" to which this insurance does not apply. *Id.*

23. The SECURA Umbrella Policy does not potentially afford or actually afford any coverage to VIGILANCE for the DEAN Underlying Lawsuit for a number of reasons.

24. First, the Umbrella Policy contains an essentially identical Detective and Security Guard Amendatory Endorsement containing the same exclusion that precludes coverage as was discussed in Count I with respect to the liability coverage of the Commercial Policy. For the same reasons, the exclusion for "bodily injury" arising out of VIGILANCE's "your work" when performed for restaurants when open to the public applies to preclude any coverage for the DEAN lawsuit.

25. Additionally, the Umbrella Policy includes the General Liability Follow Form Endorsement cited above, which provides in relevant part that the Umbrella Policy's coverage does not apply to "bodily injury" arising out of the operations limited or excluded by any "underlying insurance", and provides that the Umbrella Policy will follow the provisions, exclusions and limitations of the "underlying insurance" unless otherwise directed by the Umbrella Policy.

26. Thus, the Umbrella Policy follows form and any exclusions in the Commercial Policy which qualifies as "underlying insurance" also apply to exclude and preclude any potential coverage under the Umbrella Policy, as well.

For the reasons set forth above, SECURA INSURANCE COMPANY, A Mutual Company, asks this Court to enter a declaratory judgment for SECURA and against Defendants,

declaring that the Umbrella Policy does not afford any coverage to VIGILANCE with respect to the Underlying Complaint and Underlying Lawsuit filed against VIGILANCE by DEAN, and that SECURA does not owe any duty to defend or duty to indemnify VIGILANCE in connection with the same, and is not obligated to pay, indemnify or reimburse VIGILANCE for any expenses, attorneys' fees, costs, settlements, judgments, or any other costs related to DEAN's lawsuit.

         Best, Vanderlaan & Harrington

By: _____
  Thomas J. Costello III #35190-45
  25 E. Washington, Suite 800
  Chicago, IL 60602
  312-819-1100
  Fax 312-819-8062
  tcostello@bestfirm.com
  *Counsel for Plaintiff, SECURA Insurance, A Mutual Company*