UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SECURA INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01688-JPH-MG |
| | ) |
| VIGILANCE SECURITY GROUP L.L.C., | ) |
| RACHEL DEAN, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Secura Insurance Company filed a complaint alleging that the Court has diversity jurisdiction over this matter. Dkt. 1. However, Plaintiff does not sufficiently plead the citizenship of Defendant Vigilance Security Group, L.L.C.

For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). For LLCs, parties must "work back through the ownership structure until [reaching] either individual human beings or a formal corporation with a state of incorporation and a state of principal place of business." *Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017); *Thomas*, 487 F.3d at 534.

1

Here, Plaintiff states only that Vigilance Security Group "is a limited liability company in New Albany, Floyd County, Indiana, and doing business in Marion County, Indiana." Dkt. 1 at 2. But it does not state the underlying citizenship of each Vigilance Security Group member. Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and "[a] federal court must assure itself of subject matter jurisdiction in every case," *Boim v. American Muslims for Palestine*, 9 F.4th 545, 551–52 (7th Cir. 2021). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[T]he parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

Therefore, the Court **ORDERS** Plaintiff to file a jurisdictional statement by **November 22, 2024**, addressing the issues identified in this order.

**SO ORDERED.**

Date: 10/11/2024

*/s/ James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel