UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SECURA INSURANCE COMPANY a Mutual Insurance Company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:24-cv-01688-JPH-MG |
| VIGILANCE SECURITY GROUP L.L.C., RACHEL DEAN, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Secura Insurance Company brought this case against Defendants Vigilance Security Group and Rachel Dean, seeking a declaratory judgment that Secura owes no duty to cover, defend, or indemnify Vigilance in Ms. Dean's underlying state-court suit concerning a shooting at a Waffle House. Dkt. 1. Secura filed a motion for summary judgment. Dkt. [70]. In response, Vigilance filed a motion to deny or delay summary judgment under Federal Rule of Civil Procedure 56(d). Dkt. [74].

For the reasons below, the Court **GRANTS** Vigilance's Rule 56(d) motion and **DENIES without prejudice** Secura's motion for summary judgment.

**I.**
**Facts & Background**

In her underlying state-court suit, Rachel Dean alleges that Vigilance was negligent in providing security at the Waffle House she worked at, leading to her being struck by a bullet. Dkt. 1 at 2–3. Secura then brought this suit against Vigilance and Ms. Dean, seeking a declaratory judgment that Secura

1

owes no duty to cover, defend, or indemnify Vigilance in the underlying suit.  *Id* at 1.

Secura moved for summary judgment, dkt. 70, arguing that the Detective and Security Guard Amendatory Endorsement ("DSGA Endorsement") precludes coverage under two insurance policies that Secura issued to Vigilance, dkt. 71 at 10–11.  This DSGA Endorsement states that "[t]his insurance does not apply to 'bodily injury' arising out of 'your work' when performed for . . . restaurants or taverns when open to the public."  *Id.* at 12.

Vigilance filed a Rule 56(d) motion for denial of Secura's summary judgment motion, arguing that discovery was necessary.  Dkt. 74.

## II.
## Rule 56(d) Standard

Federal Rule of Civil Procedure 56(d) "protects non-movants who believe a summary judgment motion has been filed prematurely."  *F.C. Bloxom Co. v. Tom Lange Co. Int'l*, 109 F.4th 925, 936 (7th Cir. 2024).  When a non-moving party demonstrates that it cannot present facts "essential to justify its position . . . the court may: (1) defer considering the motion or deny it; [or] (2) allow time to obtain affidavits or declarations or to take discovery."  Fed R. Civ. P. 56(d).

Relief under Rule 56(d) requires an "affidavit or declaration [showing] specific reasons discovery should be extended."  *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019) ("The mere fact that discovery is incomplete is not enough to prevent summary judgment.").  The affidavit or declaration must "identify with specificity the information that additional discovery is

expected to uncover" and "explain how that information would allow the non-movant to proceed to trial." *F.C. Bloxom Co.*, 109 F.4th 925 at 936.

### III.
### Analysis

Vigilance argues that it "cannot present facts essential to oppose Secura's Motion for Summary Judgment without the completion of limited but critical discovery." Dkt. 74 at 21. It has designated a declaration from its attorney, Cassandra Neal, stating that Vigilance lacks necessary information about several aspects of the policies and DSGA Endorsement:

- Secura's policies to Vigilance, including the "DSGA Endorsement, Policyholder Notice and terms and conditions" therein;

- Secura's intentions for how the DSGA Endorsement would operate;

- Definitions for terms contained in the policies;

- The basis for Secura's denial of coverage, including documents reviewed and not reviewed to reach the coverage decision; and

- The relationship between the DSGA Endorsement, Commercial General Liability Coverage Form, and Professional Liability Coverage Form.

*Id.* at 21–24. Ms. Neal explains that this information could show a genuine dispute of material fact about, for example, whether the DSGA Endorsement "was intended to modify commercial general liability coverage and not professional liability coverage," and whether coverage was illusory. *Id.* Secura responds that Vigilance's Rule 56(d) motion should be denied because any

3

additional evidence is irrelevant, since only the "plain and clear language of the policy" is necessary to resolve the summary judgment motion.  Dkt. 80 at 6.

The parties agree that Indiana law governs the interpretation of Secura's policies.  *See* dkt. 80 at 11; dkt. 83 at 3.  Under Indiana law, "[i]f the language in the insurance policy is clear and unambiguous, then it should be given its plain and ordinary meaning." *Morris v. Econ. Fire & Cas. Co.*, 848 N.E.2d 663, 666 (Ind. 2006).  But courts may in some situations consider "extrinsic, designated evidence when assessing an insurer's duty to defend." *Ind. Farmers Mut. Ins. Co. v. N. Vernon Drop Forge, Inc.*, 917 N.E.2d 1258, 1268 (Ind. Ct. App. 2009) (explaining *Auto-Owners Ins. Co. v. Harvey*, 842 N.E.2d 1279, 1291 (Ind. 2006)).  So "discovery into extrinsic evidence" is frequently allowed "relative to the meaning of various Policy provisions" in declaratory judgment actions.  *Trs. of Purdue Univ. v. Am. Home Assurance Co.*, 227 N.E.3d 986, 989 (Ind. Ct. App. 2024); *see USA Gymnastics v. Liberty Ins. Underwriters, Inc.*, 27 F.4th 499, 533 (7th Cir. 2022) (Under Indiana law, "evidence of industry practice is admissible to construe terms of art or ambiguous agreements.").

Here, Ms. Neal's declaration shows "specific reasons" for conducting additional discovery before it responds to Secura's motion for summary judgment.  *See* dkt. 74 at 24–25; *Smith*, 933 F.3d at 864 ("[Parties] are entitled to conduct meaningful discovery before the courts decide legal issues.").  It also explains how that information could be relevant to whether there is a genuine dispute of material fact.  For example, Vigilance contests Secura's position that the DSGA Endorsement is "unambiguous," and extrinsic evidence can be used

4

to interpret ambiguous policy language.  *See* dkt. 74 at 20–21; *USA Gymnastics*, 27 F.4th at 533.  And additional discovery may yield information pertinent to Vigilance's defense that coverage is illusory.  *See Haag v. Castro*, 959 N.E.2d 819, 824 (Ind. 2012) (addressing when coverage is illusory under Indiana law).  Secura does not address that issue in its motion for summary judgment, dkt. 70, and provides no legal authority on the issue in opposing Vigilance's Rule 56(d) motion, dkt. 80 at 10.

Moreover, last month Magistrate Judge Garcia granted in part Vigilance's motion to compel discovery, recognizing that "outside testimony may be relevant under Indiana law and therefore falls under the wide net cast case by Rule 26['s discovery provisions]."  *See* dkt. 90 at 3–4.  Judge Garcia therefore ordered depositions of Secura employees to proceed.  *Id.*  As Judge Garcia noted, that discovery may not ultimately prove relevant to the issues at summary judgment.  *See* dkt. 90 at 3 ("The Court declines to rule on the precise nature of the contract's alleged ambiguity, as that would be tantamount to ruling on the merits of the duty-to-defend suit itself.").  But without the opportunity for that discovery, Vigilance could miss information "essential" for opposing Secura's argument.  *See* Fed R. Civ. P. 56; *Ind. Farmers Mut. Ins. Co.*, 917 N.E.2d at 1269.  Vigilance has therefore satisfied Rule 56(d)'s requirements, and summary judgment is premature.  *See Smith*, 933 F.3d at 865.

## IV.
## Conclusion

For the reasons discussed above, Vigilance's motion for additional discovery is **GRANTED.**  Dkt. [74].  Secura's motion for summary judgment is **DENIED without prejudice**.  Dkt. [70].

**SO ORDERED.**


Date: 7/23/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

All electronically registered counsel

6